IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-898C |
| | ) | (Sr. Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegation contained in paragraph 2 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is admitted.

3. Admits that Gulf Group, Inc. ("Gulf") is a government contractor. Otherwise denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

7. The allegations contained in paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits that Pumping Station No. 6 discharged water from time to time during the relevant period through the 17th Street Canal into Lake Ponchartrain; admits that another Pumping Station at or near I-10 at Academy Road ("Pumping Station I-10") discharged water, from time to time after the station became operational, through the 17th Street Canal into Lake Ponchartrain; and otherwise denies the allegations in paragraph 8.

9. Denies.

10. Denies the allegations of sentences one and two in paragraph 10; the allegation contained in the third sentence of paragraph 10 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

11. Admits that Pumping Station No. 6 discharged water from time to time during the relevant period through the 17th Street Canal; admits that Pumping Station I-10 discharged water, from time to time after the station became operational, through the 17th Street Canal; and otherwise denies the allegations in paragraph 11.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. The allegations contained in paragraph 13 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies.

15. Denies.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies.

18. Denies the allegations contained in the first and third sentences of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth; denies the allegations contained in the second sentence of paragraph 18.

19. Admits that the Corps and Gulf communicated concerning rip rap placement issues during the relevant time period; otherwise denies the allegations in paragraph 19.

20. Denies.

21. Admits the allegations contained in paragraph 21 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Denies.

23. Admits the allegations contained in the first sentence of paragraph 23; otherwise denies the remaining allegations contained in paragraph 23.

24. The allegations contained in paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Admits Gulf sent the Corps a letter dated April 10, 2006, concerning Gulf's request, which is the best evidence of its contents; admits the contracting officer responded to that request with a final decision, which is the best evidence of its contents; and otherwise denies the allegations contained in paragraph 25.

26. Admits that Gulf submitted a claim, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits that Gulf engaged in settlement discussions with the Corps; otherwise denies the allegations contained in paragraph 27.

28. Denies the allegations in the first sentence of paragraph 28. Admits the allegations contained in the second sentence of paragraph 28.

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Admits the allegations contained in paragraph 30 to the extent supported by the contracting officer's letter to Gulf dated November 7, 2005, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the Corps has not made any payment on this claim; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by Gulf's claim, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the contracting officer's final decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

## COUNT I

34. Defendant's responses to paragraphs 1 through 33 of the complaint are incorporated by reference.

35. Admits the allegations contained in paragraph 35 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. The allegations contained in paragraph 36 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. Denies.

38. The allegations contained in the first sentence of paragraph 38 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39. The allegations contained in paragraph 39 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. Denies the allegations contained in the first sentence of paragraph 40. The allegation contained in the second sentence of paragraph 41 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

42. The allegations contained in paragraph 42 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT II

44. Defendant's responses to paragraphs 1 through 43 of the complaint are incorporated by reference.

45. Admits the allegations contained in paragraph 45 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 45.

46. Admits the allegations contained in the first sentence of paragraph 46. Admits that Gulf offered to accept $36,890.22 for variations in estimated quantities; otherwise denies the allegations contained in the second sentence of paragraph 46. Admits that the Corps did not agree to Gulf's offer concerning variations in estimated quantities; otherwise denies the allegations in the third sentence of paragraph 46. The allegations contained in the fourth sentence of paragraph 46 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied

47. The allegations contained in paragraph 47 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT III

48. Defendant's responses to paragraphs 1 through 47 of the complaint are incorporated by reference.

49. Admits the allegations contained in paragraph 49 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50 to the extent supported by the contracting officer's letter to Gulf dated July 6, 2005, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51. Denies.

52. The allegations contained in paragraph 52 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. Admits the allegations contained in the first sentence of paragraph 54 to the extent supported by the contracting officer's letter to Gulf dated July 6, 2005, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54. The allegations contained in the second sentence of paragraph 54 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied

55. The allegations contained in paragraph 55 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT IV

56. Defendant's responses to paragraphs 1 through 55 of the complaint are incorporated by reference.

57. Denies the allegations contained in paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58. Admits the allegations contained in the first sentence of paragraph 58 to the extent supported by the contracting officer's letter to Gulf dated November 7, 2005, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence in paragraph 58. Admits the allegations contained in the second sentence of paragraph 58 to the extent supported by the contracting officer's final decision, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence in paragraph 58.

59. The allegations contained in paragraph 59 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61. Admits that the Corps has not made any payment on this claim; otherwise denies the allegations in the first sentence of paragraph 61. The allegations contained in the second sentence of paragraph 61 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

March 26, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2008, a copy of foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick